FILED
U. S. DISTRICT COURT
DISTRICT OF NEBRASKA

2019 JUL 31  AM 10: 47

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

MICHAEL DEAN MCCULLAR,

Defendant.

4:19CR3017

PLEA AGREEMENT

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Joseph P. Kelly, United States Attorney and Steven A. Russell, Assistant United States Attorney, and defendant, Michael Dean McCullar, and Justin D. Eichmann, counsel for defendant, as follows:

## I

## THE PLEA

A.   CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Counts I and IV of the Indictment. Count I charges a violation of Title 18, United States Code, Section 2251(a), production of child pornography. Count IV charges a violation of Title 18, United States Code, Section 2252A(a)(5)(B), possession of child pornography.

B.   In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1.   The United States will move to dismiss Counts II and III of the Indictment at the time of sentencing.

## II

## NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1

## Count I

The crime of sexual exploitation of a child production of sexually explicit conduct of a minor, as set forth in Count I of the Indictment, has the following elements:

One, at the time alleged, a minor was under the age of eighteen years;

Two, the defendant knowingly:

a) employed, used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct; or

b) had the minor assist another person or persons to engage in sexually explicit conduct; or

c) transported the minor across state lines, in foreign commerce, in any Territory or Possession of the United States, with the intent that the minor engage in sexually explicit conduct;

Three, the defendant acted with the purpose of producing a visual depiction of such conduct or transmitting a live visual depiction of such conduct; and

Four,

a) the defendant knew or had reason to know that such visual depiction e.g., video tape would be mailed or transported across state lines or in foreign commerce; or

b) the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means, including by computer or cellular phone; or

c) the visual depiction was actually mailed or transported across state lines or transported or transmitted using any means or facility of interstate or foreign commerce.

## Count IV

The crime of possession of child pornography, as alleged in Count IV of the Indictment, has the following elements:

1) The defendant knowingly possessed one or more visual depictions of a minor engaged in sexually explicit conduct;

2) The defendant knew the depiction was of a minor engaging in sexually explicit conduct; and

3) The visual depictions were produced with materials that had been mailed, shipped or transported in interstate commerce or by computer.

2

B.    ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel.  Defendant has committed each of the elements of the crimes charged, and does admit that there is a factual basis for this guilty plea.  The following facts are true and undisputed.

On February 9, 2019, Special Agents of Homeland Security Investigations (HSI) office in Omaha, Nebraska received an investigative lead from HSI Special Agents in Boston, Massachusetts regarding the possible production of child pornography by a suspect in Dwight, Nebraska.  Agents in HSI Boston have been conducting an investigation into persons utilizing various chat rooms and dark web internet sites to discuss and trade child pornography. Through the course of their investigation agents in Boston discovered a user with the screen name "dadoflolibaby" was attempting to share self-produced images of child exploitation. On October 25, 2018, HSI Boston agents were able to procure ten images of a female child, approximately 2 years of age being sexually exploited by a man with dark arm hair and wearing a wedding ring. "Dadoflolibaby" took credit for the production of the images and was found to state in a dark web forum chat that he (dadoflolibaby) babysits the victim and is very careful when he is able to access her. HSI agents reviewed the images said to be produced by "dadoflolibaby" and confirmed they depicted child pornography as defined by federal law. All of the images in the series depict the same minor female.

On approximately February 7, 2019, the individual using the screen name "dadoflolibaby" engaged in a conversation with an undercover officer regarding the sexual abuse of children and their "mutual" likes of pornography available on the open web. During the course of this conversation, the undercover officer provided the individual using the screen name "dadoflolibaby" with a URL that was created using the IP Logger service. An IP Logger is a free and publicly available service that will provide the IP address of an individual that visits the URL as a method to identify the IP address of the computer user.   On February 7, 2019 17:37:23 (EST), the link sent using the IP Logger service was accessed indicating that the individual accessing a particular website was doing so using the TOR browser. The link sent, was accessed on February 7, 2019 17:37:54 (EST), by IP 75.88.41.114.  On February 7, 2019 17:46 (EST), a second shortened URL was sent to the individual using the screen name 'dadoflolibaby' at

approximately 17:48:33 (EST). On February 7, 2019 17:48:33 (EST) the link was accessed by IP address 75.88.41.114.

On February 8, 2018, HSI Boston agents sent a summons to Windstream Communications requesting the account details of the individual assigned IP address 75.88.41.114 on February 7, 2019 17:37:54 (EST) and February 7, 2019 17:48:33 (EST). On February 8, 2019, Windstream Communications provided the information that the user assigned that IP address was the Defendant with a residential address in Dwight, Nebraska. A check of the Butler County, Nebraska assessor's office found Defendant and his wife own the address referenced by Windstream.

On February 13, 2019, at approximately 9: 30 AM agents served a federal search warrant at Defendant's residence. Defendant's spouse answered the door and informed agents that Defendant was out of town in Tampa, Florida on a business trip. During the course of the search, agents found venue items depicted in the images reviewed by the agents.

On February 13, 2018, agents of HSI Tampa office interviewed Defendant in Tampa, Florida. Defendant stated he created the "dadoflolibaby" username approximately 10 years ago. Defendant accessed the internet through the TOR network, a means and facility of interstate and foreign commerce. Defendant said the reason for creating this account was to browse for child pornography. Defendant stated he had an account in a dark web forum called, "BabyHeart." Defendant stated he recently started using, Ricochet, a chat function on the TOR network, to communicate with an individual with the username "NorthernDad." Defendant stated he never had any contact with "NorthernDad" outside of the dark web, nor ever discussed making plans to meet in person. Defendant stated he only shared child pornographic images/videos with "NorthernDad."

Defendant stated he also produced child pornographic images with an infant minor female in his residence. Defendant said he started producing child pornographic images with the minor female victim approximately one year ago. Defendant stated the last time he produced child pornography with the minor female victim was approximately one month ago. Defendant estimated he produced the child pornographic images /videos on five or six different occasions. Defendant stated the production occurred inside his bedroom and basement of his home in Dwight, Nebraska. Defendant estimated he produced several hundred images of child pornography with the minor female victim and approximately four or five videos. Defendant said

4

he shared the images/videos he produced with other individuals using the internet.  Defendant also possessed other images of child pornography he acquired at his residence in Dwight, Nebraska.

Defendant stated he used the camera on an old iPhone 6 that was located in a desk in the basement of his Nebraska residence, in the top right drawer to produce the child pornographic images. Defendant said he also used a Nikon camera to produce the child pornographic images. Both the Nikon camera and the iPhone 6 are items, which have been manufactured outside the State of Nebraska and shipped and transported in interstate and foreign commerce.

With respect to Counts I and IV, agents reviewed 10 and 43 digital images produced, uploaded and distributed by Defendant to other individuals on or about October 25, 2018 and November 29, 2018, respectively, showing an infant minor female, identified here as "Victim 1", determined by investigation to be approximately 18 months old at the time of the production, and the defendant in the images.  Each of the images depict lascivious exhibition of the genital or pubic area of the infant female minor and constitute sexually explicit conduct as defined by federal law.  In addition to Defendant's admission to law enforcement, Defendant was positively identified by fingerprint analysis from comparing fingerprints taken from the digital images and comparing them with the fingerprints taken when Defendant was arrested.  In addition, over 30,000 images and 1500 videos of child pornography were recovered from Defendant's laptop computer.   Included within these images were images of minors under the age of 12 engaged in sexually explicit conduct.

### III

### PENALTIES

A.      COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1.      A maximum 30 years in prison; and a mandatory minimum of 15 years;

2.      A maximum $250,000 fine;

3.      A mandatory special assessment of $100 per count and a further special assessment of $5,000 for a conviction of a crime involving sexual exploitation of a minor; and

4.      A term of supervised release of at least 5 years, up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of

5

supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

     5.     Possible ineligibility for certain Federal benefits.

B.     COUNT IV.  Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

     1.     A maximum 20 years in prison;

     2.     A maximum $250,000 fine;

     3.     A mandatory special assessment of $100 per count and a further special assessment of $5,000 for a conviction of a crime involving sexual exploitation of a minor; and

     4.     A term of supervised release of at least 5 years, up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

     5.     Possible ineligibility for certain Federal benefits.

### IV

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
### DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

### V

### PARTIES' SENTENCING RECOMMENDATIONS

A.     SENTENCING GUIDELINE CALCULATIONS.

     1.     Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree the defendant shall receive a term of imprisonment of a minimum sentence of 360 months.   The exact term and length of imprisonment, and all other sentencing factors, including but not limited to the length and terms of supervised release and restitution, is left to the discretion of the sentencing court.  This negotiated agreement resolves all issues related to the case and is the

appropriate disposition.  Defendant waives the right to seek or receive a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

2.      The Defendant acknowledges restitution will be ordered as a part of the sentence in this case, and the Defendant agrees the Court may order restitution to all persons or organizations for loss or harm directly and proximately caused by the Defendant's criminal conduct, including all charged and uncharged conduct, regardless whether that person or organization is a victim of the offense of conviction.  As such, it is understood the Defendant will be ordered to pay restitution to the following persons or organizations:

Any minor victims of the Defendant's criminal activity as determined by the Court.

The Defendant understands that a schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on methods, available to the United States to enforce the judgment.  If incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless whether the Court specifically directs participation or imposes a payment schedule.  Pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613.  The Defendant agrees to provide all of Defendant's financial information to the United States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam.

B.      "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

C.      STIPULATED REMOVAL.

If defendant is not a United States citizen, or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official.  Defendant understands that defendant will not be removed until defendant has served

7

any criminal sentence imposed in this or any other case.  Defendant further waives any right to appeal, reopen or challenge the removal order.

VI

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Except as provided in Section I above, (if this is a conditional guilty plea) the defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a)  The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b)  The right to seek post-conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement.  Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

VII

**BREACH OF AGREEMENT**

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this

8

agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States

is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

      F.  This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

      This agreement ends all plea discussions.  No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

      By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language).  Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XI

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation.

UNITED STATES OF AMERICA
JOSEPH P. KELLY
United States Attorney

7 - 31-19
Date

STEVEN A. RUSSELL
ASSISTANT U.S. ATTORNEY

6/21/19
Date

MICHAEL DEAN MCCULLAR
DEFENDANT

Date

JUSTIN J. SICHMANN
COUNSEL FOR DEFENDANT

10