## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3017 |
| vs. | |
| MICHAEL DEAN MCCULLAR, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 48) filed by the defendant, Michael Dean McCullar. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir.

2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## BACKGROUND

The defendant was charged in 2019 with, among other things, producing and possessing child pornography. Filing 1. He pleaded guilty to those charges pursuant to a binding Fed. R. Crim. P. 11(c)(1)(C) plea agreement, and was sentenced to a term of 360 months' imprisonment for production of child pornography, and a consecutive term of 140 months' imprisonment for possession of child pornography. Filing 43.

## DISCUSSION

The defendant claims that his sentence exceeded the agreed-upon sentence from his Rule 11(c)(1)(C) plea agreement, that the prosecutor violated the plea agreement by introducing new allegations at sentencing, that his base offense level was miscalculated, and that his counsel was ineffective in failing to object to those errors.[1] *See* filing 48. To establish a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance

---

[1] The defendant also contends that the Court erred in attributing an "implied condition of Dissociative Identity" to him by referring to him as "Dr. Jeckle [sic] and Mr. Hyde" at sentencing. Filing 48 at 7. The defendant's attempt to make a due process violation out of a metaphor requires no discussion.

was deficient and that this prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id*. at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689. And to satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. *Gregg v. United States*, 683 F.3d 941, 944 (8th Cir. 2012).

The defendant's claims in this case fail because they're contradicted by the record. To begin with, the defendant claims that he "agreed to and signed an [11(c)(1)(C)] plea agreement with the Federal Government for a fixed sentence length of 360 months." Filing 48 at 4. But the plea agreement quite clearly stipulated that "the defendant shall receive a term of imprisonment of a *minimum* sentence of 360 months." Filing 23 at 6. And that was made even more plain at the change of plea hearing, during the following colloquy:

> THE COURT: All right. You have what is called an 11(c)(1)(C) plea agreement. Under that 11(c)(1)(C) plea agreement, you are agreeing that you should be sentenced to a term of imprisonment of 360 months. Is that correct?
>
> [ASSISTANT U.S. ATTORNEY]: No, that's not correct, Your Honor. He's agreeing to a term of a minimum of 360 months.
>
> THE COURT: Minimum of 360 months. Okay. Do you understand that you will be sentenced to a term of imprisonment of at least 360 months?
>
> THE DEFENDANT: Yes, Your Honor.

Filing 27 at 10. The defendant was also advised and acknowledged, more than once, that he faced 30 years' imprisonment for producing child pornography and another 20 years' imprisonment for possessing child pornography. Filing 27 at 3-4, 9-10. Simply put, the sentence imposed was entirely consistent with the Rule 11(c)(1)(C) plea agreement and the advisements the defendant received and recognized. The Court didn't err, the government didn't breach the plea agreement, and the defendant's counsel didn't perform deficiently or prejudice the defendant by failing to object to a nonexistent error.

The defendant also contends that "[a]t sentencing the Federal prosecution introduced new and unsupported allegations not contained in the [11(c)(1)(C) agreement or the PSI report, effectively arguing for a longer sentence, thereby breaching the [11(c)(1)(C)] contract." Filing 48 at 5. That, again, is a misrepresentation of the plea agreement: the plea agreement contained a stipulated factual basis for the plea, but nothing in the plea agreement constrained the government's right to adduce additional evidence or advocate for a sentencing in excess of the *minimum* 360 months' imprisonment to which the parties agreed. *See* filing 23.

Finally, the defendant claims his base offense level was miscalculated because it "includes a +2 increase for the use of a computer" and "also includes a +5 for possession of more than 600 images." Filing 48 at 8. The defendant doesn't explain why that would be a miscalculation, and the Court notes that even if those figures had been included in the Guidelines calculation, the plea agreement contains his stipulation that "over 30,000 images and 1500 videos of child pornography were recovered from Defendant's laptop computer." Filing 23 at 5.

But more importantly, the Guidelines calculation contained in the presentence report contains no such enhancements to the base offense level.

- 4 -

*See* filing 41 at 19-20. Rather, pursuant to U.S.S.G. § 2G2.1, the presentence report began with a base offense level 32, which was enhanced because the offense involved: a minor under age 12 (+4), sexual contact (+2), knowing distribution (+2), an infant/toddler (+4), and a relative of the defendant who was under his supervision (+2). Filing 41 at 19. The resulting adjusted offense level was reduced by 3 levels for acceptance of responsibility, producing a total offense level of 43. Filing 43 at 20. And that's the calculation that the Court adopted at sentencing. Filing 44 at 1.

In sum, the defendant's claims of error are simply contradicted by the record, and his counsel didn't perform deficiently or prejudice him by failing to object to things that didn't actually happen.

CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

The defendant has also filed a "motion to append the 2255 filing," asking for "the ability to amend the submitted 28 U.S.C. § 2255 motion" because COVID-19 has interfered with his ability to develop a more comprehensive motion. Filing 49. But he doesn't tell the Court what amendments he wants to make, when he expects to make them, or what diligence he is exercising in pursuing the matter. *See United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005). The Court cannot write the defendant a "blank check" to exceed the statute of limitations or file a successive § 2255 motion: rather, any request to excuse a belated filing can only be made when it's submitted. Accordingly, the Court will deny the defendant's motion to append.

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 48) is denied.

2. The defendant's "motion to append" (filing 49) is denied.

3. The Court will not issue a certificate of appealability in this matter.

4. A separate judgment will be entered.

5. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 4th day of March, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge